UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOE GOMEZ, | No. C 06-5936 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| CHARLES DUDLEY LEE; et al., | |
| Defendants. | |

## INTRODUCTION

Steven Joe Gomez, currently an inmate at the California Correctional Institution in Tehachapi, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint supersedes the original complaint and is now before the court for review pursuant to 28 U.S.C. §1915A. His motion for a transfer of venue also is before the court for review.

## BACKGROUND

In his complaint, Gomez alleges that defendants refused to give him knee surgery ordered by an orthopedic surgeon and did not give him pain medications (apparently for knee pain) for seven months. The defendants are health care manager Dr. Lee, an inmate appeal reviewer, the warden and an associate warden at Salinas Valley State Prison.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). Serious medical needs may include dental care needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

Liberally construed, the complaint states a claim for relief for deliberate indifference to Gomez's serious medical needs in violation of his rights under the Eighth Amendment based on the alleged failure to provide surgery and the alleged failure to provide pain medications for seven months. Although plaintiff alleges that "defendants" denied him the needed medical care and does not differentiate among the defendants, it appears that the only defendants that have

any health care authority are the health care manager for the prison, Dr. Charles Dudley Lee, and possibly the inmate appeal reviewer, C. Kates. The court will order service of process on them.

The other two defendants, i.e., the warden and associate warden, appear to be included merely because they are in charge of the prison. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the warden and associate warden are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons,

1.  The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Dr. Lee and C. Kates for deliberate indifference to plaintiff's medical needs. Warden Evans and associate warden Travers are dismissed without prejudice.

2.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of this order upon each of the following defendants, who allegedly are employed at Salinas Valley State Prison:

- Dr. Charles Dudley Lee
- C. Kates (AGPA)

3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.  No later than **April 27, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **June 1, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares

3

his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **June 15, 2007**.

    4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

1       7.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

      8.     The motion to transfer venue is DENIED. (Docket # 2.) This judicial district is the correct venue for this action as the complaint concerns events that occurred in this judicial district (in Monterey County) and the defendants appear to reside in this district. See 28 U.S.C. 1391(b). The subsequent transfer of plaintiff to a prison in the Eastern District of California is irrelevant for purposes of determining venue for an action. Plaintiff also has not shown any reason for a change of venue under 28 U.S.C. § 1404.

IT IS SO ORDERED.

Dated: February_8, 2007

                                                                           _____
                                                                          SUSAN ILLSTON
                                                                          United States District Judge

**United States District Court**

For the Northern District of California