UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOE GOMEZ,  <br>　　　　Plaintiff,  <br>　　v.  <br>CHARLES DUDLEY LEE; et al.,  <br>　　　　Defendants.  <br>　　　　　　　　　　　　　　　　／ | No. C 06-5936 SI (pr)  <br>**ORDER** |

Defendants filed a motion for summary judgment on April 27, 2007. Plaintiff's opposition was due June 1, but he never filed it. Instead, he filed an "ex parte motion to request an enlargement of time in which to file a first amended complaint," in which he stated that he needed additional time but did not explain whether time was needed to prepare an amended complaint or an opposition to the pending motion. In light of the pendency of defendants' motion for summary judgment, the court construes plaintiff's request to be for an extension of the deadline to file his opposition and GRANTS the request. (Docket # 18.) The court now sets the following deadlines for defendants' motion for summary judgment:

　　　　1.　　Plaintiff must file and serve his opposition to defendants' motion for summary judgment no later than **November 30, 2007.** <u>No further extensions of this deadline will be permitted.</u> By the time the deadline arrives, plaintiff will have had seven months to prepare his opposition.

　　　　2.　　Defendants must file and serve their reply brief, if any, no later than **December 21, 2007**.

Plaintiff filed a "motion to relief from judgment" in which he argued that he needed additional time to prepare his opposition to the pending motion for summary judgment and requested that counsel be appointed to assist him in this action. Insofar as the motion requests additional time to file an opposition to defendants' motion for summary judgment, the deadline has been extended as mentioned above. Insofar as the motion requests appointment of counsel, the request is DENIED. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case. Lastly, insofar as the motion requests relief from a judgment, it is DENIED because no judgment has been entered. (Docket # 19.)

IT IS SO ORDERED.

Dated: October 23, 2007

_____
SUSAN ILLSTON
United States District Judge

2